Withers, J.
delivered the opinion of the Court.
The first question is whether upon suggestion filed,issue joined, trial and verdict, after recovery upon a sheriff’s official bond, tax costs are recoverable by the officers of Court.
The case of the Treasurer v. Bates et al. 2 Bailey, 362, prescribed the practice proper to be pursued, where sundry breaches of the sheriff’s bond were alledged by various persons. An action, it was ruled, should be brought in the name of the obligee of the bond, and upon the fact being established, judgment should be entered for the penalty; such judgment should stand asa security for any prior or subsequent breach of the bond, “and that any one who may conceive himself aggrieved by the misconduct of the sheriff, should have the right to come in and suggest the breach of the bond of which he complains, and pray execution for his damages ; and upon serving a thirty day rule” requiring plea to the suggestion, “may, for default of plea, or upon issue joined, have his damages assessed by a jury, and have execution .for the penalty to enforce the payment of the damages assessed.”
In such proceeding, to which the case before us conforms, issues by regular steps of pleading, are made up as matter of right, and a trial follows in regular form. Iu such case, according to Todd v. Stroud, (1 Rich. 25,) the party prevailing is entitled to costs. It was considered in the case cited that a suggestion well supplied the place of a declaration in an ordinary case; nor is any good reason now perceived to dispute that proposition ; undoubtedly *389 every other step in the litigation is, ep nomine, known to our fee bills of 1827 and 1839, This yiew leaves entirely untouched the position that costs are the creatures of statute, except only in cases where the court may require in advance that a party shall agree to become bound for th,e costs on a contingency stipulated. We cannot avoid thigf conclusion, although it was set down as a recommendation of the rule of practice prescribed in the Treasurer v. Bates, that a multiplicity of suits might be avoided. It is somer thing if the number can be reduced, or the expense of any diminished. If, for this end, a resort to Equity may appear more efficacious, those interested will act accordingly.
It follows that it was proper to tax costs in the ,cas,e before us.
The other question relates to the legality of the several items that appear upon the brief.
By a careful examination of the fee bill of 1S39, the clerk appears to be entitled to each of the items embraced in the charges made in this case on his behalf, expe.pt ‘‘Notice 50 cents.” Each item taxed for the attorney is legitimate, according to the Act of 1827, except the said item set down as “Notice $4.” A “Rule” is required to be served, as we have seen. For this, by the Act of 1827, the attorney is entitled to only $2. And for the clerk there does not appear to be any ite.m of cost for the rule required in this case. Indeed it is supposed that it is to be issued by the attorney for the complainant, and served by the sheriff,
The taxation is ordered to be reformed by reducing the item allowed to the attorney,-for notice, to two dollars instead of four, and that this charge be entered for rule, and striking out fifty cents allowed to the clerk for notice.
I think it is doubtful, however, whether the charge of “ 25 cents,” for satisfaction, is not at least premature, and I believe it is quite usual for the clerks to tax this item in the outset, in all cases. Now suppose the defendant never pays the debt or costs, and the plaintiff pays the latter, in .such case the service of entering satisfaction is never performed. It seems to my mind clear, that ,jt would be wrong to require the plaintiff to pay that item i.n the .case *390 supposed. The same remark would apply to a case in which the defendant might make only a partial payment. These observations are made out of caution, that we may not be committed upon the subject to which they relate. They may not be applicable to the particular case before us.
The Circuit Judge determined only that costs were to be taxed, as of right, and holding him to be correct in this, the motion is dismissed.
Richardson, J. Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion dismissed.